UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRENT TYLER TREPANIA,

                      Plaintiff,

v.                                                    Case No. 25-cv-1053-pp

KELLY PELKY, *et al.*,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Trent Tyler Trepania, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants provided inadequate medical treatment. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On August 12, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $27.50. Dkt. No. 8. The court received that fee on August 29, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants Health Services Unit (HSU) Manager Kelly Pelky, Dentist Dr. Smith, Dr. Angelo Panos, complaint examiner Todd Gillingham and Jane or John Doe Bureau of Health Services (BHS) Dental Director. Dkt. No. 1 at 1–2. The plaintiff sues all defendants in their individual and official capacities. Id. at 5.

The plaintiff alleges that between April 21 and July 11, 2025, Smith "failed to provide adequate health/dental services" in the time designated

under institutional policy. Id. at 3–4. He alleges that he has not received fillings despite filing institutional complaints and despite being beyond the "dashboard goals for routine waitlist," which has caused him pain and suffering and constitutes deliberate indifference to his dental needs. Id. The plaintiff says that on April 21, 2025, he filed an institutional complaint asking his institution to send him to an offsite dentist or perform his fillings at Oshkosh. Id. at 4. On May 31, 2025, defendant Gillingham affirmed his complaint but did not recommend that health officials take any action on the plaintiff's request for fillings. Id. The plaintiff says that this violated his constitutional rights. Id. He alleges that Dr. Panos reviewed his appeal and similarly "failed to recommend an appropriate remedy," which he says also violated his rights. Id.

The plaintiff alleges that defendant Pelky "is the overall person in charge of health and dental services," and that she failed to send him to an outside provider or order Smith to perform the fillings that the plaintiff needed. Id. at 5. The plaintiff says that he filed an appeal from his affirmed institutional complaint on June 18, 2025; and on July 10, 2025, unnamed staff recommended that his appeal be affirmed because he remained on the waitlist for dental treatment. Id. He says that the Office of the Secretary also agreed that his complaint should be affirmed. Id. The plaintiff alleges that the corrections complaint examiner who reviewed his appeal contacted the Jane or John Doe BHS Dental Director about his complaint, so the Dental Director "was likely made aware of the subject of plaintiff's complaint." Id. at 6. He says that still no remedial action has been taken, and he has not received the

4

fillings that he needs. Id. The plaintiff alleges that he did not receive timely dental treatment because Oshkosh's dental office is short-staffed. Id. at 5.

The plaintiff seeks compensatory and punitive damages of $250,000 from each defendant. Id. at 7. He also seeks declaratory judgment "stating what was being done and not being done with respect to plaintiff's c[l]aims." Id.

C. Analysis

The court analyzes the plaintiff's allegations regarding the denial of proper dental care under the Eighth Amendment. See Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Arnett v. Webster, 658 F.3d 742, 753 (7th Cir. 2011) (citing McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)).

The plaintiff alleges that he has waited months for fillings and proper dental treatment, which has caused him pain and suffering. The Seventh Circuit Court of Appeals has said that "dental care is one of the most important

5

medical needs of inmates." Board v. Farnham, 394 F.3d 469, 480 (7th Cir. 2005) (quotation omitted). The court finds that the plaintiff's allegations about his delayed dental care satisfy the objective component of an Eighth Amendment claim.

But the complaint does not satisfy the subjective component for the plaintiff's claim against Smith. The plaintiff says Smith is a dentist at Oshkosh, and that he failed to provide timely dental treatment under institutional policy that sets a "goal" for when patients on the "routine waitlist" will receive treatment. But §1983 protects against only constitutional violations; it does not protect against violations of institutional regulations or policies. See Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017); Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003). The plaintiff then alleges that Oshkosh's dental office is short-staffed, which likely led to his long wait for fillings. But the plaintiff does not describe Smith's actions that the plaintiff believes make Smith responsible for the delay. The plaintiff does not say when or whether he saw Smith and does not allege that Smith was even aware of his need for fillings. He says that he filed institutional complaints about his delayed treatment, but he does not say that he filed any health services requests to Smith about his fillings. It is not enough to allege that because Smith is the dentist, he must be responsible for the delayed treatment. Although that may be the case, the plaintiff has not alleged facts sufficient to establish Smith's "personal responsibility for any claimed deprivation of a constitutional right."

Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). He has failed to state a claim against Smith.

The complaint also does not state a claim against defendants Gillingham and Panos. The plaintiff alleges that Gillingham and Panos reviewed his institutional complaint about his delayed dental treatment and affirmed his complaint but did not recommend any remedial action. But administrative staff do not violate an incarcerated person's rights merely by reviewing "an administrative complaint about a completed act of misconduct." George v. Smith, 507 F.3d 605, 609–10 (7th Cir. 2007); see Stankowski v. Carr, Case No. 23-2458, 2024 WL 548035, at *2 (7th Cir. Feb. 12, 2024) (citing Owens v. Evans, 878 F.3d 559, 563 (7th Cir. 2017)) ("[A]n official who merely reviews a grievance or appeal cannot be liable for the conduct forming the basis of the grievance."). Because Gillingham and Panos only reviewed the plaintiff's complaints about his delayed dental care and were not involved in that care, the plaintiff cannot hold them liable for the delay under the Eighth Amendment.

Nor does the complaint state a claim against Pelky. The plaintiff does not allege that Pelky personally saw or treated him, nor does he allege that she was aware of his need for fillings or that she had any personal role in his dental treatment. He seeks to hold Pelky liable because she is the HSU Manager who oversees the dental offices. But a supervisor like Pelky may not be held liable under §1983 for the actions or inaction of her subordinate staff; she may be held liable only for her own actions or inaction. See Iqbal, 556 U.S. at 676; Day v. Subsecretario del Sistema Penitenciario Federal, 838 F. App'x 192, 193 (7th Cir.

2021) ("Supervisors are responsible for what they do themselves, not for what their subordinates do."). Because the plaintiff has not alleged that Pelky was personally involved in his treatment or that she was aware of his need for fillings and denied them, he has not stated a claim against her.

The complaint similarly fails to state a claim against the Doe BHS Dental Director. The plaintiff does not allege that this person was aware of or involved in his treatment until a corrections complaint examiner contacted him or her about the plaintiff's institutional complaint appeal. The plaintiff says that the Dental Director "was likely made aware" of his complaint at that time and did not take any action to address his need for dental fillings. But the Seventh Circuit has explained that "inaction following receipt of a complaint about someone else's conduct is not a source of liability." Estate of Miller by Chassie v. Marberry, 847 F.3d 425, 428 (7th Cir. 2017). The plaintiff cannot state a claim against the Doe Dental Director for leaving his complaint "to be handled through the chain of command." Id. at 429.

Finally, the plaintiff seeks to proceed against the defendants in their official capacities. Claims against officials in their official capacities represent another way to plead a claim against the entity that they represent or for which they work. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, n.55 (1978)). The court construes the plaintiff's claims against the defendants in their official capacities as having been brought against the Department of Corrections, the agency for which the defendants work. Id. at 165–66. Because claims against

the DOC are "no different from a suit against the State," the court treats this claim as though the plaintiff had made it against the State of Wisconsin. See Will, 491 U.S. at 71 (citing Graham, 473 U.S. at 165–66; Monell, 436 U.S. at 690 n.55). But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. That means the plaintiff cannot recover damages against the defendants in their official, versus their individual, capacities. Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003).

The plaintiff also seeks declaratory judgment stating what the defendants did and did not do to treat his dental needs. But the plaintiff may not use §1983 to obtain a judgment against the defendants in their official capacities "declaring that they violated federal law in the past." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (citing Green v. Mansour, 474 U.S. 64, 73 (1985); and Cory v. White, 457 U.S. 85, 90–91 (1982)). Because the plaintiff does not seek any available relief from the defendants in their official capacities, he may not proceed on any official capacity claims.

The plaintiff's complaint does not state a claim against any defendant. But it is possible that the plaintiff might be able to include additional information or details that would support a claim. The court will give the plaintiff an opportunity to amend his complaint to address the problems the court has described and to better explain the claims in his complaint. When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his

9

constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the original complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **October 31, 2025**. If the court receives an amended complaint by the end of the day on October 31, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by day's end on October 31, 2025, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$322.50** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution, where the plaintiff is incarcerated.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 1st day of October, 2025.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**