TRENT TYLER TREPANIA,

                              Plaintiff,

        v.                                      Case No. 25-cv-1053-pp

KELLY PELKY, *et al.*,

                              Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 15)**

Plaintiff Trent Tyler Trepania, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and determined that it did not state a claim. Dkt. No. 10 at 10. The court gave the plaintiff an opportunity to file an amended complaint. After the court granted the plaintiff a couple of extensions, he timely filed his amended complaint; this order screens that complaint. Dkt. No. 15.

## I.      Screening the Amended Complaint

### A.      Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

2

stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

        B.      <u>Amended Complaint's Allegations</u>

The plaintiff sues Kelly Pelky, health services manager at Oshkosh Correctional Institution; Dr. Smith, who is a dentist at Oshkosh; and John or Jane Doe Bureau of Health Services Dental Director. Dkt. No. 15 at 1. The plaintiff alleges that on July 27, 2023 while confined at Dodge Correctional Institution, the filling in his back, lower, left tooth broke which caused pain due to sensitivity. <u>Id.</u> The plaintiff allegedly submitted a dental services request and was placed on a wait list on August 15, 2023. <u>Id.</u> The plaintiff states that he transferred to Oshkosh. <u>Id.</u> When he arrived there, he allegedly asked to be placed on the list for the next earliest dental appointment and was told he was already on the wait list from Dodge. <u>Id.</u>

The plaintiff states that "he submitted many dental service requests and also let it be made clear that he was in severe pain and refused to be denied care and refused have an extraction simply because Oshkosh Correctional is 'short staffed.'" <u>Id.</u> at 2. On November 7, 2023, the plaintiff allegedly wrote and asked for an earlier date for a filling, and he was told that he was already on the wait list and did not need to submit more dental service requests. <u>Id.</u>

The plaintiff alleges that about a year and a half later, on April 21, 2025, he submitted a dental services slip about the needed fillings and received a response stating that he was on the fillings list. <u>Id.</u> On June 25, 2025, the plaintiff allegedly submitted another dental services slip to which he received a

3

response stating that he was added to the fillings list and to submit a dental services request if he needed an extraction due to the pain. Id. The plaintiff states that on September 16, 2025, more than two years after being placed on the wait list for fillings, he received the filling for his back, bottom, left, broken tooth. Id. He says that he did not receive fillings for the other two teeth that staff determined needed fillings at the intake exam at Dodge. Id. On October 28, 2025, the plaintiff allegedly wrote about the other fillings he needed and asked why all three fillings were not done on the same day. Id.

The plaintiff alleges that the defendants knew about his dental issues and disregarded that he was in severe pain for over two years. Id. Pelky and Smith allegedly knew that the plaintiff was in severe pain and needed fillings and denied and/or ignored his request to treat his broken tooth. Id. The plaintiff allegedly contacted John or Jane Doe between April 29, 2025 and July 11, 2025, notifying Doe that he was in severe pain and that he needed fillings. Id. The plaintiff states that Doe denied and/or ignored the plaintiff's request. Id.

The plaintiff claims that the defendants violated his constitutional rights. Id. He seeks compensatory and punitive damages. Id. at 3.

C.    Analysis

The court analyzes the plaintiff's allegations regarding the denial of proper dental care under the Eighth Amendment. See Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an

4

objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (en banc) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015) (citing Farmer, 511 U.S. at 837). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Arnett v. Webster, 658 F.3d 742, 753 (7th Cir. 2011) (citing McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)).

The plaintiff alleges that he waited months for fillings and proper dental treatment, which caused him pain and suffering. The Seventh Circuit Court of Appeals has said that "dental care is one of the most important medical needs of inmates." Board v. Farnham, 394 F.3d 469, 480 (7th Cir. 2005) (quotation omitted). The court finds that the plaintiff's allegations about his delayed dental care satisfy the objective component of an Eighth Amendment claim.

The plaintiff alleges that the defendants knew he was experiencing severe pain from the long delay in receiving fillings, yet they did not obtain dental care for him. The plaintiff has sufficiently alleged that they acted with deliberate indifference. The plaintiff may proceed on an Eighth Amendment claim against the defendants in their individual capacities. Once the named defendants have filed a responsive pleading to the amended complaint and the court issues a

5

scheduling order, the plaintiff will need to use discovery to identify the Doe defendant.

## II.    Conclusion

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendants Kelly Pelky and Dr. Smith. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

6

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 23rd day of June, 2026.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge

7